MATTER OF CINTRON

In Visa Petition Proceedings

A-20583637

*Decided by Board September 3, 1976*

The United States citizen petitioner submitted a letter to the District Director requesting that the visa petition filed to accord his spouse immediate relative classification be withdrawn. The letter request was acknowledged by the District Director, but he subsequently ordered the petition denied. In view of the petitioner's letter request that the petition be withdrawn, the denial by the District Director was erroneous, and it is the order of the Board that the record reflect that the petition was withdrawn by petitioner.

ON BEHALF OF PETITIONER: Fried, Fragomen & Del Rey, P.C.
515 Madison Avenue
New York, New York 10022

The United States citizen petitioner filed a visa petition in behalf of the beneficiary as his spouse under section 201(b) of the Immigration and Nationality Act. He subsequently submitted a letter withdrawing the petition. In a decision dated October 9, 1975, the District Director acknowledged having received the letter withdrawing the petition but nevertheless ordered the petition be denied. The petitioner has appealed from the District Director's decision refusing to consider the petition withdrawn. The appeal will be sustained.

Just as any United States citizen or lawful permanent resident may file a visa petition in behalf of an alien, so may he withdraw the petition before a decision has been rendered. The action of the District Director in refusing to consider the petition withdrawn was erroneous. Accordingly, we shall sustain the appeal and order the record to reflect that the petition has been withdrawn.

ORDER: The appeal is sustained; the visa petition filed by the petitioner in behalf of the beneficiary has been withdrawn.

MATTER OF CONCEPCION

In Visa Petition Proceedings

A-34106980

*Decided by Board September 8, 1976*

The provision of section 204(c) of the Immigration and Nationality Act which provides that a visa petition shall not be approved for a beneficiary who has previously been accorded a nonquota or preference status based on a marriage entered into to evade the immigration laws is not applicable to a beneficiary who had previously been accorded immediate relative status as the spouse of a United States citizen on the basis of a marriage which never took place but which in fact was a fiction based on falsified documents. Under the circumstances the beneficiary cannot be said to have entered into a marriage for the purpose of evading the immigration laws, notwithstanding the fact that the Service approved the prior immediate relative petition.

ON BEHALF OF PETITIONER:　Gerald L. McVey, Esquire
　　　　　　　　　　　　　　Fallon, Hargreaves, Bixby & McVey
　　　　　　　　　　　　　　30 Hotaling Place
　　　　　　　　　　　　　　San Francisco, California 94111

The lawful permanent resident petitioner applied for preference status for the beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act. In his decision of October 28, 1975, the Acting District Director denied the petition on the basis of section 204(c) of the Act.

The petitioner and the beneficiary were married on May 9, 1975. The present petition was filed on June 3, 1975. The beneficiary had previously been accorded immediate relative status as the spouse of a United States citizen when a visa petition in her behalf was approved on September 21, 1972, and she entered the United States with an immigrant visa on October 30, 1972. It was determined subsequently, in deportation proceedings, that the marriage upon which the visa petition was based was a fiction and had never taken place, and the beneficiary was found deportable as an alien who was excludable at entry under section 212(a)(19) and section 212(a)(14).

Section 204(c) of the Immigration and Nationality Act reads, in pertinent part, as follows:

. . . [No petition shall be approved if the alien has previously been accorded a nonquota or preference status as the spouse of a citizen of the United States or the spouse of an

alien lawfully admitted for permanent residence, by reason of a *marriage* determined by the Attorney General to have been *entered into* for the purpose of evading the immigration laws. (Emphasis supplied.)

The beneficiary has previously been accorded immediate relative status as the spouse of a United States citizen. However, she was accorded that status on the basis of falsified documents. No marriage was entered into, and therefore it cannot be determined that she obtained immediate relative status on the basis of a marriage *entered into* for the purpose of evading the immigration laws.

Although the beneficiary profited from the previous Service determination that a marriage existed in the same way as if she had entered into a sham marriage, still the fact is that the marriage did not exist and therefore section 204(c) does not apply to the facts of this case.

Because the Acting District Director based his decision on section 204(c), he does not appear to have considered or reached a decision as to whether the marriage between the petitioner and the beneficiary was entered into in good faith. Accordingly, we shall remand the record for further proceedings along these lines and so that the District Director may enter a new decision.

ORDER: The appeal is sustained and the record is remanded to the District Director for further proceedings in accordance with the above opinion.