# In re Air India "Flight No. 101"

## File NYC 932639 - New York

### *Decided April 2, 1997*

### U.S. Department of Justice
### Executive Office for Immigration Review
### Board of Immigration Appeals

A decision of the Immigration and Naturalization Service regarding the imposition of a fine that does not state the specific reasons for the determination fails to meet the requirements of 8 C.F.R. § 103.3(a)(1) (1996) and is inadequate for purposes of appellate review.

FOR CARRIER: Jonathan A. Fuchs, Esquire, Brooklyn, New York

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: David M. Dixon, Chief Appellate Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, and VILLAGELIU, Board Members.

HURWITZ, Board Member:

In a decision dated November 5, 1993, the acting director of the Immigration and Naturalization Service National Fines Office ("director") imposed an administrative fine in the amount of $3000 on the carrier for one violation of section 273(a) of the Immigration and Nationality Act, 8 U.S.C. § 1323(a) (Supp. V 1993).[1] The carrier has appealed from that decision. The record will be remanded to the director.

We note at the outset our concerns regarding the adequacy of the director's November 5, 1993, decision for purposes of appellate review. The record reflects that the carrier brought the alien passenger in this case to the United States from India on August 17, 1993. Although the alien passenger was a lawful permanent resident of the United States, she did not have an Alien Registration Receipt Card (Form I-551) or a reentry permit in her possession when she was presented for inspection. The passenger was determined by the Service to be a national and citizen of India and a lawful

---

[1] We note that section 273(a) of the Act has been redesignated as section 273(a)(1) by section 308(c)(3)(B) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, enacted as Division C of the Departments of Commerce, Justice, and State, and the Judiciary Appropriations Act for 1997, Pub. L. No. 104-208, 110 Stat. 3009-546 (effective April 1, 1997), but that amendment does not affect our decision in this case.

permanent resident of the United States. Subsequent to her arrival, she was granted a visa waiver on Form I-193 (Application for Waiver of Passport and/or Visa) pursuant to 8 C.F.R. § 211.1(b)(3) (1993). On August 24, 1993, the director issued a Notice of Intention to Fine Under Immigration and Nationality Act (Form I-79), in which he alleged that the carrier was liable for a $3000 fine under section 273 of the Act for bringing an alien to the United States from India without an unexpired visa or reentry permit.

In correspondence dated August 16, 1993, the carrier claimed that, because the alien passenger was subsequently granted a waiver under 8 C.F.R. § 211.1(b)(3), no fine liability existed, as the alien was not required to possess a visa as a result of the waiver. The carrier cited *Matter of Plane CCA CUT 532*, 6 I&N Dec. 262 (BIA 1954), and *Matter of Plane "CUT-604",* 7 I&N Dec. 701 (BIA 1958). In those cases it was held that a carrier is relieved of fine liability under section 273 of the Act for bringing an immigrant to the United States without a proper visa where such person is admitted under the authority of a published regulation and the regulation provides in express terms that a visa is not required when a waiver is granted.

After consideration of the carrier's arguments, the director found that fine liability did exist and imposed a $3000 fine on the carrier on November 5, 1993. The director's decision stated only as follows: "Counsels for the . . . carrier presented oral arguments at the National Fines Office on October 7, 1993. It was determined by a review of the evidence submitted and argued, that the carrier has not submitted sufficient documentation to warrant termination of the fine proceedings."

On appeal, the carrier renews its arguments that the waiver granted to the alien under 8 C.F.R § 211.1(b)(3) is a blanket waiver which frees it from fine liability. For its part on appeal, the Service maintains that regulations in the present case are analogous to those in *Matter of PAA Plane Flight 204*, 6 I&N Dec. 810 (BIA 1955), and do not create a statutory waiver under section 211(b) of the Act, 8 U.S.C. § 1181(b) (1994). The Service further argues on appeal that remission of the fine under section 273(c) of the Act is not available. It maintains that the standard of reasonable diligence under section 273(c) of the Act is relevant only to the determination of whether the passenger is an alien and whether an entry document was required. Thus the Service contends that, once the carrier determines that the passenger is an alien who needs a visa or other entry document, it is absolutely liable if such passenger is without a valid visa. In support of its interpretation, the Service cites *Matter of S.S. "Florida"*, 1 I&N Dec. 261 (BIA 1942), where it was held that the carrier was not liable, as the carrier, through reasonable diligence, incorrectly believed that the alien was a United States citizen.

Based upon our review of the record, we find that the record must be remanded, as the November 5, 1993, decision of the director is abbreviated and fails to explain the director's rationale for his determination. Under 8 C.F.R. § 103.3(a)(1) (1996), when a Service officer denies an application or

petition under 8 C.F.R. § 103.2 (1996), such as that in the present case, "the officer shall explain in writing the specific reasons for denial." The decision in this case falls far short of that standard. Such shortcoming constitutes an adequate basis for remand. *See Matter of M-P-*, 20 I&N Dec. 786 (BIA 1994); *Matter of Correa*, 19 I&N Dec. 130 (BIA 1984); *Matter of Daryoush*, 18 I&N Dec. 352 (BIA 1982).

Requiring the director to state the reasons for his determination helps ensure that he fully considers the arguments the carrier has set forth in its defense. Such requirement also puts the carrier on notice concerning the issues which the director finds determinative. In the present case, the Service, apparently for the first time on appeal, stated its opinion that remission under section 273(c) of the Act was precluded under its interpretation of Board cases dealing with that provision. Such after-the-fact arguments, concerning which the carrier had no prior notice, place the carrier at a disadvantage in presenting its defense.

Finally, requiring the director to state the reasons for his determination also assures that the Board will be provided with a meaningful basis for review. In the present case, because of the inadequacies of the director's decision, we are left to consider an appeal of a decision, the reasons for which were never articulated.

**ORDER:** The appeal is sustained. The November 5, 1993, decision of the director is vacated, and the record is remanded to the director for further proceedings consistent with the foregoing opinion.