[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10901

_____

Agency No. A077-888-948


KELVIN ORTIZ-BOUCHET,
a.k.a. Kelvin Ortiz,
EDITH CAROLINA MALPICA-ZAPATA,
a.k.a. Edith Malpica,

                                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 23, 2013)

Before DUBINA, Chief Judge, BARKETT and KLEINFELD,[*] Circuit Judges.

PER CURIAM:

_____

    [*]Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Kelvin Ortiz-Bouchet ("Ortiz") and his wife, Edith Malpica-Zapata ("Malpica"), petition for review of an order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order of removal, pursuant to 8 U.S.C. § 1227(a)(1)(A),[1] on the grounds that they were inadmissible at the time of their adjustment of status. First, the IJ found that Ortiz and Malpica were inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because they were not in possession of valid entry documents at the time of their adjustment of status. Second, the IJ found that Ortiz was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) because he procured the immigration documentation he did have by fraud or willful misrepresentation of a material fact. Finally, the IJ found that Malpica was inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II) because she sought admission into the United States within ten years of departing the United States after being unlawfully present there for one year or more.[2]

---

[1] An immigrant is subject to removal if, "at the time of entry or adjustment of status[, he] was within one or more of the classes of aliens inadmissible by the law existing at such time." 8 U.S.C. § 1227(a)(1)(A).

[2] When, as here, the BIA summarily affirms the IJ's decision without opinion, we review the IJ's opinion. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). Findings of fact are reviewed under the substantial evidence test and "we must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation omitted). We review questions of statutory interpretation de novo. Lanier v. U.S. Att'y Gen., 631 F.3d 1363, 1365 (11th Cir. 2011). In conducting this review, we look first to the language of the statute to determine whether it "has a plain and unambiguous meaning with regard to the particular dispute in the case." Id. (internal quotation omitted). If the statutory language is unambiguous, "we accord no deference to the BIA's interpretation of" the statute. Id. at 1367 n.3. On the other hand, when the statute is silent or

## I.    Inadmissibility Under 8 U.S.C. § 1182(a)(7)(A)(i)(I)

We initially find that the IJ erred as a matter of law in finding Ortiz and Malpica inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because that section only applies to applicants for admission and not to immigrants like Ortiz and Malpica who sought post-entry adjustment of status while already in the United States.  Under § 1182(a)(7)(A)(i)(I), an immigrant is inadmissible if "at the time of application for admission [he] is not in possession of a valid unexpired immigrant visa . . . or other valid entry document [.]"  8 U.S.C. § 1182(a)(7)(A)(i)(I).  We have previously held that the definition of "admission" in 8 U.S.C. § 1182(h) is unambiguous and "does not encompass a post-entry adjustment of status."  Lanier, 631 F.3d at 1366.[3]  We now hold the same in regards to § 1182(a)(7)(A)(i)(I).

In this case, Ortiz and Malpica were not outside the United States seeking entry, but rather already in the United States and seeking an adjustment of status permitting them to remain.  The IJ did not recognize this distinction and sustained the § 1182(a)(7)(A)(i)(I) charge against them because they did not have valid

---

ambiguous with respect to a specific issue, "we are obliged to defer to the BIA's interpretation . . . if that interpretation is reasonable."  Cadet v. Bulger, 377 F.3d 1173, 1185 (11th Cir. 2004).

[3] The government argues that we should defer to the BIA's interpretation of "admission" as encompassing post-entry adjustment of status.  See Matter of Guillot, 25 I. & N. Dec. 653, at *1-2 (BIA 2011).  However, as we found in Lanier, the statutory language referencing "admission" is unambiguous and we thus accord no deference to the BIA's interpretation.  See Lanier, 631 F.3d at 1367 n.3.

immigration documents at the time of their post-entry adjustment of status. Because Ortiz and Malpica were not applicants for admission within the meaning of § 1182(a)(7)(A)(i)(I), the IJ erred in applying this section to them as a basis for removal. We grant Ortiz and Malpica's petition for review as to this claim and vacate the order of removal entered on this basis.

## II. Inadmissibility Under 8 U.S.C. § 1182(a)(6)(C)(i)

An immigrant who has procured a visa, other documentation, or admission into the United States "by fraud or willfully misrepresenting a material fact" is inadmissible. 8 U.S.C. § 1182(a)(6)(C)(i). The IJ found that an individual named Marciel Cordero was recommended to Ortiz as someone who could "solve [his and Malpica's] status problem" by filing a religious petition. Ortiz hired Cordero and Cordero then filed a petition for a religious visa on Ortiz's behalf that included several fraudulent documents indicating that Ortiz was an ordained minister, which he was not. During the removal proceedings, Ortiz presented an un-rebutted statement that he had never seen the documents that Cordero filed and that his signature on the documents was forged. The IJ found that Ortiz did not personally willfully misrepresent a material fact. Nonetheless, after stating that "the Court was unable to sustain by clear and convincing evidence any allegation or charge that [Ortiz] willfully misrepresented a material fact," the IJ held that Ortiz must be

4

deemed to have had full knowledge of the fraudulent documentation Cordero submitted and was, thus, inadmissible under § 1182(a)(6)(C)(i).

The term "fraud" is not defined in the Immigration and Nationality Act ("INA"), but the BIA has held that fraud "consist[s] of false representations of a material fact made with knowledge of its falsity and with intent to deceive the other party." Matter of G-G-, 7 I. & N. Dec. 161, 164 (BIA 1956). Additionally, for a representation to constitute fraud, "[t]he representation must be believed and acted upon by the party deceived to his disadvantage." Id. The BIA has defined "willful misrepresentation" in almost identical terms, except that willful misrepresentation does not require proof "that the person to whom the misrepresentation was made was motivated to action because of the misrepresentation," id., and does not require "intent to deceive," Matter of Kai Hing Hui, 15 I. & N. Dec. 288, 290 (BIA 1975). Because willful misrepresentation is an essential element of both fraud and willful misrepresentation and because the IJ found that Ortiz did not make any willful misrepresentation, Ortiz is not inadmissible under § 1182(a)(6)(C)(i).

The government argues that it must be presumed that Ortiz had knowledge of the fraudulent petition filed by Cordero and that fact is sufficient to sustain the § 1182(a)(6)(C)(i) charge. However, the BIA has made clear that fraud requires an

5

actual misrepresentation.  See Matter of G-G-, 7 I. & N. Dec. at 164.[4]  There is not substantial evidence in the record taken as a whole that Ortiz made, knew of, or authorized Cordero's misrepresentation on Ortiz's behalf.  Accordingly, we grant Ortiz's petition as to this claim and vacate the order of removal entered on this basis.

### III.    Inadmissibility Under 8 U.S.C. § 1182(a)(9)(B)(i)(II)

An immigrant who is not a lawful permanent resident, has been unlawfully present in the United States for one year or more, and seeks admission to the United States within ten years of the immigrant's departure or removal from the United States is inadmissible.  8 U.S.C. § 1182(a)(9)(B)(i)(II).  In Matter of Arrabally, which was decided while this appeal was pending before this Court, the BIA held "that an alien who has left and returned to the United States under a grant of advance parole has not made a 'departure . . . from the United States' within the meaning of [§ 1182(a)(9)(B)(i)(II)]."  25 I. & N. Dec. 771, 779 (BIA 2012).[5]

---

[4] The government argues that defining fraud as requiring a willful misrepresentation would render the term "fraud" superfluous because the statute permits a finding of inadmissibility if the immigrant has obtained immigration documents "by fraud or willfully misrepresenting a material fact."  8 U.S.C. § 1182(a)(6)(C)(i) (emphasis added).  However, when a term is ambiguous – as "fraud" is in this statute – we must defer to the BIA's interpretation.  See Cadet, 377 F.3d at 1185.

[5] Generally, when the BIA has not had an opportunity to consider an issue that a petitioner puts before it, we should remand the case to the BIA for further examination.  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007).  However, in "rare circumstances" where the issue is a purely legal one, a remand is not necessary.  Id. at 1330 (declining to remand where the undecided issue was a legal question and presented "an objective, procedural inquiry").

The IJ found that Malpica was removable under § 1182(a)(9)(B)(i)(II) because she had left the United States on July 18, 2003.  However, she left pursuant to a grant of advance parole, and was paroled back into the United States on July 31, 2003.  Under Matter of Arrabally, her exit pursuant to a grant of advance parole does not qualify as a "departure" within the meaning of § 1182(a)(9)(B)(i)(II) and Malpica is, thus, not inadmissible under this section.  Thus, this charge of removability cannot be sustained.

Accordingly, we grant Ortiz and Malpica's petition and vacate the BIA's order of removal.

**PETITION GRANTED.**

---

Because the statutory interpretation at issue here is a purely legal question, we need not remand the case to the BIA.