[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12848
Non-Argument Calendar

_____

Agency No. A097-201-288

NAM SIK JI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 6, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Nam Sik Ji, a native and citizen of South Korea, seeks review of a final

order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the

Immigration Judge's ("IJ") finding of removability and denial of cancellation of

removal and a waiver of deportability.  In dismissing his appeal, the BIA declined to address Ji's challenge to the IJ's determination that he was removable under 8 U.S.C. § 1227(a)(1)(A) as an inadmissible alien under 8 U.S.C. § 1182(a)(6)(C)(i) for fraud or material misrepresentation, based on his former attorney's submission of a fraudulent application for permanent residency.  In challenging the IJ's fraud determination before the BIA, Ji contended that no evidence had been offered to prove his knowledge of the fraud or that he had an intent to deceive.  In declining to reach that issue, the BIA reasoned that Ji was removable on three alternate charges of removability that he had not challenged on appeal.

In his petition for review, Ji argues that: (1) given the significant future immigration consequences associated with the IJ's fraud determination, the BIA erred in declining to address his argument that he was not removable on the basis of fraud; and (2) the BIA erred in concluding that his wife and child, who were derivative beneficiaries of his own adjustment of status based on the fraudulent documents, were not qualifying relatives for purposes of making him eligible for cancellation of removal and a waiver of deportability.  After careful review, we grant the petition in part and deny the petition in part.

We review de novo our own subject matter jurisdiction.  Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).  If a petitioner has failed to exhaust his administrative remedies, we lack jurisdiction to consider the claim.

2

Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).  We reviews legal determinations de novo, and factual determinations under the substantial evidence test.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  Under the substantial evidence test, we must affirm the BIA's decision if it "is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Zhu v. U.S. Att'y Gen., 703 F.3d 1303, 1307 (11th Cir. 2013) (quotation omitted).  "Under this standard, reversal requires finding that the record not only supports reversal, but compels it."  Id. (quotation omitted).  "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

To begin with, we agree with Ji that the BIA erred in declining to address his argument that he was not removable on the basis of fraud.  Usually, we do not require the BIA to address specifically each claim a petitioner has made if the BIA "has given reasoned consideration to the petition, and made adequate findings[.]"  Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011) (quotation omitted).  However, the BIA "must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  Id. (quotation omitted).

3

"[W]hen the IJ or BIA has not made findings of fact or has not applied the law to those facts, appellate courts should remand to allow the IJ to make such determinations in the first instance." Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1236 (11th Cir. 2007). Thus, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (quotation omitted). That way, the agency, using its expertise on the matter, can offer an evaluation of evidence, an initial determination, and an informed discussion to help a court later determine whether the decision exceeds the leeway the law provides. Id. at 17.

Any alien who is present in the United States in violation of the law is deportable. 8 U.S.C. § 1227(a)(1)(B). "Any alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable." Id. § 1227(a)(1)(A). Any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible unless he has received a labor certification from the Secretary of Labor. Id. § 1182(a)(5)(A)(i). Any nonimmigrant who is not in possession of a valid nonimmigrant visa at the time of application for admission is inadmissible. Id. § 1182(a)(7)(B)(i)(II). Any alien who has procured a visa, other documentation, or admission into the United States "by fraud or willfully misrepresenting a material fact" is inadmissible. Id. § 1182(a)(6)(C)(i). To be

4

inadmissible under § 1182(a)(6)(C)(i) based on a falsified document that someone else has filed on an alien's behalf, the alien must have known of or authorized the other party's misrepresentation. Ortiz-Bouchet v. U.S. Att'y Gen., 714 F.3d 1353, 1356-57 (11th Cir. 2013).

Here, contrary to the government's assertion in its brief, Ji did challenge his removability based on the § 1182(a)(6)(C)(i) fraud charge in his brief on appeal to the BIA, so he has exhausted this issue. Specifically, Ji challenged before the BIA the IJ's determination that he was removable under § 1227(a)(1)(A) for being inadmissible as an alien who obtained his LPR status by fraud, in violation of § 1182(a)(6)(C)(i). In making that determination, the IJ had not provided any findings concerning whether Ji had known of or authorized the misrepresentations in the document that Lee had filed on his behalf. Ortiz-Bouchet, 714 F.3d at 1356-57. Rather, the IJ had relied solely on Ji's admissions that his permanent residence status was obtained based on a fraudulent sponsor petition and that he was not a carpenter and never was a carpenter. Notably, Ji never contested that fraud had occurred, but asserted only that Lee had perpetrated it without his knowledge.

Nevertheless, Ji did not challenge before the BIA the IJ's determination that he also was removable based on the three other charges of removability. Since Ji had failed to challenge his removability on the remaining grounds, the BIA declined to address his challenge to the finding that he was removable on the §

5

1182(a)(6)(C)(i) charge related to the fraudulent application.  While that ruling was sufficient to address the base issue of Ji's removability, it did not resolve the question of whether removability on the basis of fraud under § 1182(a)(6)(C)(i) would have ongoing future collateral consequences, even accepting that his removal on the other grounds was proper.

Thus, on this record neither the IJ nor the BIA has provided "adequate findings" to support the IJ's determination that Ji was removable based on the § 1182(a)(6)(C)(i) fraud charge.  Seck, 663 F.3d at 1364.  Yet, this determination could have significant consequences on Ji's future immigration status because, if he attempts to change his status in the future, he still may be inadmissible based on the IJ's determination that he had procured his immigration documentation "by fraud or willfully misrepresenting a material fact."  8 U.S.C. § 1182(a)(6)(C)(i). Therefore, we grant the petition in part and remand the case so that the BIA can apply its expertise to clarify whether its decision not to address this issue will have any material, practical, or legal impact on his future ability to reenter the United States.  See Ventura, 537 U.S. at 16-17.

Nevertheless, we are unpersuaded by Ji's claim that the BIA erred in concluding that his wife and child, who were derivative beneficiaries of his own adjustment of status based on the fraudulent documents, were not qualifying relatives for purposes of making him eligible for cancellation of removal and a

6

waiver of deportability. "A spouse or child . . . shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa . . . , be entitled to the same status, and the same order of consideration . . . , if accompanying or following to join, the spouse or parent." 8 U.S.C. § 1153(d). In the Attorney General's discretion, an alien's inadmissibility on fraud related grounds under 8 U.S.C. § 1182(a)(6)(C)(i), may be waived if the alien is, inter alia, the spouse or parent "of an alien lawfully admitted to the United States for permanent residence," and the alien was "in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission . . . ." Id. § 1227(a)(1)(H)(i). The Attorney General also possesses the authority to cancel removal of an inadmissible or deportable alien if the alien (1) "has been physically present in the United States for a continuous period of not less than 10 years"; (2) has been a person of good moral character during that period; (3) has not been convicted of certain enumerated crimes; and (4) "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Id. § 1229b(b)(1).

We lack jurisdiction to review "any judgment regarding the granting of relief under [8 U.S.C. § 1229b]." Id. § 1252(a)(2)(B)(i). We also lack jurisdiction to review any other decision or action of the Attorney General if the authority for that

7

action is within the discretion granted to the Attorney General by statute. Id. § 1252(a)(2)(B)(ii). However, these provisions "shall [not] be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ." Id. § 1252(a)(2)(D).

"The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." Id. § 1101(a)(20). We have held that "'lawfully admitted' means more than admitted in a procedurally regular fashion. It means more than that the right forms were stamped in the right places. It means that the alien's admission to the status was in compliance with the substantive requirements of the law." Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1317 (11th Cir. 2006).

In this case, the BIA did not err in its legal determination that Ji's wife and child were not qualifying relatives for purposes of cancellation of removal and waiver of deportability. Indeed, because Ji's wife and child became permanent residents as derivative beneficiaries after the approval of Ji's fraudulent application for permanent residency, their status based on that fraudulent application was not in compliance with the substantive requirements of the law. Thus, Ji's wife and

8

child were not "lawfully admitted for permanent residence," and he cannot rely on their unlawfully obtained immigration status to support his requests for relief.

**PETITION GRANTED IN PART, DENIED IN PART.**