[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-12790
Non-Argument Calendar

————————————————

Agency No. A079-513-870

CLAUDIA MARCELA BARCO DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(July 13, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Claudia Marcela Barco Diaz ("Barco") seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") decision sustaining a removability charge under Immigration and Nationality Act ("INA") § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), based on inadmissibility under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), for willfully misrepresenting a material fact to procure adjustment of status. Barco argues that there is a lack of substantial evidence to support the BIA's determination that the Department of Homeland Security ("DHS") had proven by clear and convincing evidence that she knew of or authorized the misrepresentations on her adjustment application that was filed on her behalf by her attorney Marcial Cordero. She argues that the government did not provide evidence of her knowledge of the misrepresentations at the time of the application, although she admits knowing about them (and lying to the government about them) later. She contends that her post-adjustment-conduct and the agency's adverse credibility finding are not sufficient evidence of her contemporaneous knowledge of the misrepresentations in her application.

This Court reviews the BIA decision as the final agency decision, but also reviews the IJ decision if the BIA adopted it or to the extent the BIA expressly agreed with its reasoning. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).

2

This Court reviews factual determinations under the substantial-evidence test.  *Ruiz v. U.S. Att'y. Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006).  This Court views the evidence in "the light most favorable to the agency's decision and draw[s] all reasonable inferences in favor of that decision."  *Id*.  This Court must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* at 1254–55 (quotation omitted).  Accordingly, in order for this Court to conclude that a finding of fact should be reversed, this Court must determine that the record "compels" reversal.  *Id.* (quotation omitted).  The mere fact that the record may support a contrary conclusion is not enough to justify reversal of the agency's findings.  *Id*.  Rather, this Court must affirm the agency's decision unless there is no reasonable basis for its decision.  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004).

The government has the burden of proving, by clear and convincing evidence, that an alien admitted to the United States is deportable.  INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A).  An alien is deportable if she was inadmissible at the time of her entry or adjustment of status.  INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A).  Under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . a visa, other documentation, or admission into the United States or other [immigration] benefit . . . is inadmissible."  *Ortiz-*

*Bouchet v. U.S. Att'y Gen.*, 714 F.3d 1353, 1356-57 (11th Cir. 2013).  If an agent willfully misrepresented facts for an alien, then the alien must have been aware of or authorized the misrepresentation.  *Id.* at 1357.

In a similar case, this Court has concluded, in light of the agency's express finding—itself supported by substantial evidence—that another petitioner was not credible, that substantial evidence supported a finding that the petitioner procured an immigration benefit through fraud or a willful misrepresentation, notwithstanding the petitioner's contention that her wrong assertion that she had a valid marriage had been an honest mistake.  *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 546-47 (11th Cir. 2011).

Here, Barco does not challenge the agency's express finding that she was not credible. In light of this finding, and the undisputed evidence that Barco later knew about and lied about the misrepresentation, substantial evidence supports the BIA's determination that DHS had proven by clear and convincing evidence that Barco had contemporaneous knowledge of or authorized Cordero's misrepresentations.

**PETITION DENIED.**