**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-14064

Non-Argument Calendar

————————————

KARLA CECILIA MASIAS CASTRO DE VILCHEZ,
ABIGAIL ANGELICA DEL VILLAR MASIAS,
ALONDRA MIKAELA KARLY M. VILCHEZ MASIAS,
MIKAEL JARETH VILCHEZ MASIAS,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A246-778-092

————————————

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Karla Cecilia Masias Castro de Vilchez (Masias), along with her husband, Guillermo Vilchez Huaman, and their three children (collectively, Petitioners), seek review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of Masias's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners contend that the record establishes that a criminal gang, Tren de Aragua, will persecute Masias on account of a statutorily protected ground if she returns to Peru, entitling her to asylum and withholding of removal, and that she is eligible for relief under the CAT. After careful review, we affirm.

**I.**

We review the BIA's legal conclusions de novo and its factual determinations under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006). The substantial evidence test requires viewing the record in the light most favorable to the BIA's decision and affirming if the decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ortiz-Bouchet v. U.S. Atty. Gen.*, 714 F.3d 1353, 1355 (11th Cir. 2013) (per curiam).

The Attorney General may grant asylum to non-citizen applicants who meet the Immigration and Nationality Act's (INA) definition of a refugee. 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who is (1) outside the country of her nationality, (2) unwilling to return to that country, and (3) unable to avail herself of that country's protection (4) because of persecution or a well-founded

fear of persecution on account of one of five statutorily protected grounds. 8 U.S.C. § 1101(a)(42)(A). The five protected grounds are race, religion, nationality, membership in a particular social group, and political opinion. *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021).

Both asylum and withholding of removal "contain a causal element known as the nexus requirement." *Id.* The nexus requirement compels the applicant to show "that a protected ground was or will be at least one central reason for persecuting the applicant. A reason is central if it is 'essential' to the motivation of the persecutor." *Id.* (internal citations omitted). Demonstrating that criminals targeted an applicant and were likely aware of the applicant's political stance does not satisfy the nexus requirement. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1234, 1237–38 (11th Cir. 2006). Also, when substantial evidence shows that criminals who allegedly persecuted the applicant had a "pecuniary motive," we will find the applicant has not satisfied the nexus requirement. *See Sanchez-Castro*, 998 F.3d at 1286–87.

Here, the BIA correctly determined that Tren de Aragua targeted Masias for financial gain rather than for her political beliefs or her success as a businesswoman, and since general criminal activity is not a protected ground, Masias failed to demonstrate that she was targeted due to a protected ground. The record does not compel reversal because substantial evidence in the record validates the BIA's determination that Tren de Aragua targeted Masias for a pecuniary motive.

Masias testified to showing her political beliefs through displaying signs on her business, hosting campaign events, and keeping her business open when the government ordered businesses to close. Masias claims that this shows that Tren de Aragua targeted her due to her political opinion, but she did not provide evidence that Tren de Aragua members said anything that would imply they targeted her for political reasons. Masias testified that others in the area had also been targeted by Tren de Aragua, suggesting that she was not singled out. Further, Masias testified to being targeted because Tren de Aragua wanted her husband's income and the money resulting from her business, which supports the BIA's finding that Tren de Aragua's sole motive was pecuniary.

There is also no evidence that would support a finding that Tren de Aragua's actions were driven by another protected ground. Masias claims that she was targeted on account of her identity as a businesswoman, which she argues satisfies the requirement of membership in a particular social group. But much like her argument on political opinion, the record lacks evidence to support a finding that Masias was targeted because of this identity.

Since substantial evidence supports the BIA's finding that Tren de Aragua targeted Masias for a "pecuniary motive," the nexus requirement was not satisfied. *See Sanchez-Castro*, 998 F.3d at 1286–87. Thus, substantial evidence supports the BIA's determination that Masias is ineligible for asylum and withholding of removal.

## II.

To be eligible for CAT relief, an applicant must demonstrate that she will "more likely than not" be tortured if returned to the designated country of removal.  8 C.F.R. § 1208.16(c)(2).  An applicant must also demonstrate that a government official will likely conduct the torture or acquiesce to it.  8 C.F.R. § 208.18(a)(1).  A government acquiesces to torture when it is aware of the torture and breaches its legal responsibility to intervene.  *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007) (per curiam); 8 C.F.R. § 1208.18(a)(7).

Here, the BIA appropriately concluded that Masias was ineligible for CAT relief because she was unable to demonstrate that the Peruvian government would consent or acquiesce to her being tortured.  *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).  Masias argues that the government acquiesced to Tren de Araua's violence because the police declined to investigate Masias being robbed and held hostage by Tren de Aragua.  But the record indicates that Peruvian authorities did not open an investigation after the robbery and hostage incident because it was unlikely that they could identify the perpetrators without any names or video.  *See Ruiz*, 440 F.3d at 1254–55.  As Masias has not met her burden to show that the Peruvian government will acquiesce to Tren de Aragua torturing Masias if she is removed, the BIA correctly determined that Masias is ineligible for CAT relief.  *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**