# Matter of TEXPERTS, INC., Petitioner

*Decided March 6, 2026[1]*

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Administrative Appeals Office

(1) While a visa petition may not be denied on the merits following a withdrawal, an officer is permitted to make findings of fact relevant to future benefit requests, including findings regarding fraud or willful misrepresentation of material fact. *Matter of Cintron*, 16 I&N Dec. 9 (BIA 1976), distinguished.

(2) The Director must provide the specific reasons, supported by evidence in the record, to make a finding of fraud or willful misrepresentation of material fact.

FOR THE PETITIONER:  Nidhi Bansal, Esquire, Reston, Virginia

The Petitioner, an information technology staffing company, seeks to temporarily employ the Beneficiary as a database administrator under the H-1B nonimmigrant classification for specialty occupations. *See* section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(15)(H)(i)(b) (2024).

Congress set a cap of 65,000 initial H-1B visas or initial grants of H-1B status per fiscal year.[2] INA § 214(g)(1)(A), 8 U.S.C. § 1184(g)(1)(A) (2024). To administer the cap in a fair and orderly manner, United States Citizenship and Immigration Services ("USCIS") requires prospective petitioners to register for a cap selection process, commonly referred to as a lottery. *See* Registration Requirement for Petitioners Seeking to File H-1B Petitions on Behalf of Cap-Subject Aliens, 84 Fed. Reg. 888 (Jan. 31, 2019).

---

[1]  This decision was originally entered on September 16, 2025. The matter has been reopened *sua sponte* for the limited purpose of making revisions for designation of this decision as precedent.

[2]  Up to 6,800 visas are set aside from the cap for the H-1B1 visa program based on free trade agreements. *See* INA §§ 101(a)(15)(H)(i)(b1), 214(g)(8), 8 U.S.C. §§ 1101(a)(15)(H)(i)(b1), 1184(g)(8) (2024). Congress also provided for certain exemptions from the cap. *See, e.g.*, INA § 214(g)(5)(C), 8 U.S.C. § 1184(g)(5)(C) (providing an exemption for 20,000 initial H-1B visas, or grants of initial H-1B status, each fiscal year for aliens who have earned a master's or higher degree from a United States institution of higher education).

Each prospective petitioner is prohibited from submitting multiple registrations for the same beneficiary in the same fiscal year's H-1B lottery. 8 C.F.R. § 214.2(h)(8)(iii)(A)(*2*) (2025).  The employer must also complete an attestation, under penalty of perjury, that it "has not worked with, or agreed to work with, another registrant, petitioner, agent, or other individual or entity to submit a registration to unfairly increase chances of selection for the beneficiary."  USCIS, *H-1B Electronic Registration Process* (Mar. 31, 2025), https://www.uscis.gov/working-in-the-united-states/temporary-workers/h-1b-specialty-occupations/h-1b-electronic-registration-process.[3] A petitioner may not file an H-1B cap-subject petition unless it is based on a valid registration selection and properly filed within the filing period stated on the registration selection notice.  *See* 8 C.F.R. § 214.2(h)(8)(iii)(A)(*1*).

Subsequent to the selection of the Petitioner's registration in the lottery and filing of the instant petition, the Director issued a notice of intent to deny stating that the record indicated the Petitioner worked with another company, ConquerTech Innovations, LLC, to submit multiple registrations to unfairly increase the chances of selecting the Beneficiary.  *See* 8 C.F.R. § 103.2(b)(8) (2025).  The notice listed the derogatory information present in the record and expressed an intent to deny the petition based on a finding of fraud or material misrepresentation.[4]  The notice afforded the Petitioner an opportunity to either submit rebuttal documentation or withdraw its petition. *See* 8 C.F.R. § 103.2(b)(11).

In response, the Petitioner withdrew the petition while simultaneously attempting to rebut the Director's proposed findings.  The Director issued a notice acknowledging the withdrawal.  The notice also stated that the Petitioner misrepresented that it had not "worked with, or agreed to work

---

[3]  In 2024, USCIS published a final rule to implement a "beneficiary-centric" lottery process where each alien beneficiary will be counted as one entry, regardless of the number of employers who properly submit a registration for the individual.  *See Improving the H-1B Registration Selection Process and Program Integrity*, 89 Fed. Reg. 7456 (Feb. 2, 2024).  While employers are still prohibited from working together to increase the odds of selection, the submission of multiple registrations for the same individual by related entities should not increase the chances of selection.  *See* 8 C.F.R. § 214.2(h)(8)(iii)(A)(*1*), (*4*).

[4]  The Director identified significant derogatory information.  Among other facts, the Director found: the registrations were submitted from the same Internet Protocol ("IP") address, indicating they were both submitted from the same computer; IRS Forms 1120S for the two companies show common ownership and management; both companies used the same Human Resources ("HR") manager to submit the registrations; both companies used the same contingent job offer letter, with common language, and both were created by the HR manager on same day; and the Beneficiary signed both contingent employment offers on the same day.

with, another registrant, petitioner, agent, or other individual or entity to submit a registration to unfairly increase chances of selection for the beneficiary, despite [its] attestation to the contrary" and concluded that the Petitioner thereby perpetrated a fraud. The Petitioner appealed the Director's finding of fraud.

As a threshold issue, we have jurisdiction to decide the appeal. While the regulation at 8 C.F.R. § 103.2(b)(15) provides that "[t]he USCIS acknowledgement of a withdrawal may not be appealed," the Director's finding of fraud is an adverse action that rests on its materiality to the visa petition, which generally falls under our jurisdiction. *See* DHS Delegation Number 0150.1 (effective Mar. 1, 2003); *see also Kungys v. United States*, 485 U.S. 759, 772 (1988) ("[T]he ultimate finding of materiality turns on an interpretation of substantive law." (citation omitted)). The question for us on appeal is whether, after acknowledging the withdrawal, the Director properly issued a separate finding of fraud.

The Petitioner bears the burden of proof to demonstrate eligibility by a preponderance of the evidence. *Matter of Chawathe*, 25 I&N Dec. 369, 375–76 (AAO 2010). We review the questions in this matter de novo. *Matter of Christo's, Inc.*, 26 I&N Dec. 537, 537 n.2 (AAO 2015). Upon de novo review, we will withdraw the Director's finding of fraud and remand for further proceedings.

## I. NOTICE OF WITHDRAWAL WITH FACTFINDING

We take notice that an applicant or petitioner "may withdraw a benefit request at any time until a decision is issued." 8 C.F.R. § 103.2(b)(6). Generally, a request for withdrawal precludes USCIS from entering a decision on the merits of the benefit request. *See Matter of Cintron*, 16 I&N Dec. 9 (BIA 1976). In *Matter of Cintron*, the Board of Immigration Appeals ("Board") concluded that a district director erred in ordering a petition denied after having received a withdrawal letter. *Id*. However, we must read this in conjunction with the regulation that states the facts and circumstances bearing on the merits of a benefit request will remain material to future benefit requests, even after a withdrawal. *See* 8 C.F.R. § 103.2(b)(15).

To preserve the facts and circumstances surrounding a withdrawn benefit request, USCIS would typically make written findings for the record. *See USV Pharm. Corp. v. Sec'y of Health, Educ. & Welfare*, 466 F.2d 455, 462 (D.C. Cir. 1972) ("[F]indings of fact are not mere procedural niceties; they are essential to the effective review of administrative decisions.").

Findings of fact are critical when a case involves fraud or willful misrepresentation of material fact. Such facts may have a direct bearing on eligibility for future temporary and permanent immigration benefits, eligibility for discretionary relief, and admissibility. *See, e.g.*, INA §§ 204(b), 212(a)(6)(C)(i), 214(g)(3), 237(a)(1)(A), 245(a), 8 U.S.C. §§ 1154(b), 1182(a)(6)(C)(i), 1184(g)(3), 1227(a)(1)(A), 1255(a) (2024). The INA and the United States Code also provide for criminal penalties. *See* INA § 275(d), 8 U.S.C. § 1325(d) (2024); 18 U.S.C. §§ 1001, 1546 (2024); *see also United States v. Patnaik*, 125 F.4th 1223 (9th Cir. 2025) (reinstating a criminal indictment for defendants who were alleged to have willfully and materially misrepresented the nature of the position in the course of filing 85 H-1B visa petitions).

Especially important in the adjudication of a visa petition, a finding of fact will further clarify whether the consequences fall on either the petitioner or the alien beneficiary. *See, e.g.*, *Manney v. U.S. DHS*, 735 F. Supp. 3d 590, 600 (E.D. Pa. 2024) (comparing references to fraud and misrepresentation in the INA before concluding that "Congress recognized a distinction between situations where an employee is culpable and where the employee is blameless"). For this reason alone, a finding of fact can be essential to the conclusion of a withdrawn benefit request.

The best interpretation of the regulations should allow USCIS to recognize a withdrawal while making further findings of fact relevant to future benefit requests, including fraud or willful misrepresentation of material fact. Considering the statute and DHS regulations as a whole, it would severely undermine the integrity of United States immigration laws to permit a party to evade the immigration consequences of fraud or willful misrepresentations of material fact by simply withdrawing the benefit request once those consequences were imminent.[5] A request for withdrawal should not serve to improve a petitioner, applicant, or beneficiary's posture when seeking future immigration benefits after an initial fraudulent attempt or after

---

[5] The Petitioner's withdrawal request did not constitute a voluntary and timely retraction. *See Matter of Namio*¸ 14 I&N Dec. 412, 414 (BIA 1973) (explaining that the Board has "consistently held that the recantation must be voluntary and without delay"). A retraction that is made in response to the actual or imminent exposure of the fraud or misrepresentation is not timely. *See id.*

a willful misrepresentation of a material fact was made in furtherance of receiving past immigration benefits.[6]

Accordingly, we conclude the Director was not precluded by regulation or *Matter of Cintron*, 16 I&N Dec. at 9, from making a finding of fact related to the Petitioner's attempt to procure a visa or grant of status by fraud or willful misrepresentation of a material fact following the withdrawal of the petition.

## II.  ANALYZING FRAUD AND MATERIAL MISREPRESENTATION

On appeal, among other issues, the Petitioner asserts the Director "misapplied the legal standard in the determination of the elements of fraud." Given the serious consequences inherent to fraud and misrepresentation, we are expected to "closely scrutinize the factual basis for any possible finding." *Matter of Y-G-*, 20 I&N Dec. 794, 796 (BIA 1994).

Despite frequent and recurring use in immigration law, the terms "fraud" and "misrepresentation" are not defined in the INA.  Instead, the Board, the Administrative Appeals Office, and immigration officers have long applied the terms as understood in the "commonly accepted legal sense." *Matter of G-G-*, 7 I&N Dec. 161, 164 (BIA 1956).

Applying that common understanding here, we expect a finding of fraud or willful material misrepresentation to satisfy the same legal standards that apply to inadmissibility determinations under section 212(a)(6)(C)(i) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i), if that finding is to preserve an incident for consideration in future proceedings.[7]  If a finding withstands scrutiny for purposes of inadmissibility, it should satisfy any additional consequences that stem from the statute based on fraud or misrepresentation.  *See Sorenson v. Sec'y of Treasury of U.S.*, 475 U.S. 851, 860 (1986) ("The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." (citation modified)).

---

[6]  If adverse findings of fact and conclusions of law are relied upon by USCIS in a subsequent adjudication, the benefit requestor would have an opportunity to rebut such adverse findings pursuant to 8 C.F.R. § 103.2(b)(16)(i).

[7]  We recognize that the legal standard in the admissibility context focuses on representations made by the alien, whereas the focus in the petition context is on representations made by the petitioner.  The legal standard to be applied to find fraud or willful misrepresentation in the petition context, however, is otherwise the same.

Section 212(a)(6)(C)(i) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i), provides two separate bases for inadmissibility: "Any alien who, *by fraud or willfully misrepresenting a material fact*, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission to the United States or other benefit provided under this Act is inadmissible."  (Emphasis added.)

In practice, the distinction between fraud and willful misrepresentation is not greatly significant because either is sufficient to establish inadmissibility. Both may be committed through the presentation of an oral or written statement to an official of the United States Government.  *See Matter of Y-G-*, 20 I&N Dec. at 796.  Both must be willfully made.  *See Matter of A.J. Valdez and Z. Valdez*, 27 I&N Dec. 496, 498 (BIA 2018); *Matter of G-G-*, 7 I&N Dec. at 164.  And both must be material to the alien's eligibility for the requested immigration benefit.  *See Matter of Mensah*, 28 I&N Dec. 288, 293–94 (BIA 2021) (citing *Kungys*, 485 U.S. at 771, and *Matter of D-R-*, 27 I&N Dec. 105, 113 (BIA 2017)).

Fraud, however, requires the establishment of additional elements that do not apply to a willful misrepresentation of material fact.  To be considered fraud, a misrepresentation of material fact must be made with the "intent to deceive the other party." *Matter of G-G-*, 7 I&N Dec. at 164.  Additionally, "[t]he representation must be believed and acted upon by the party deceived to his disadvantage." *Id*.; *see also Ortiz-Bouchet v. U.S. Att'y Gen*., 714 F.3d 1353, 1356–57 (11th Cir. 2013); *Parlak v. Holder*, 578 F.3d 457, 463 (6th Cir. 2009) ("While fraud requires an intent to deceive, willful misrepresentation of a material fact does not.").

Upon de novo review, we conclude the Director did not provide an adequate analysis.  When the Director acknowledged the Petitioner's withdrawal of the petition, the Director specifically found that the Petitioner "misrepresented information that has been submitted as evidence" when it "worked with, or agreed to work with, another registrant, petitioner, agent, or other individual or entity to submit a registration to unfairly increase chances of selection for the beneficiary, despite [its] attestation to the contrary."  The Director concluded that the Petitioner thereby perpetrated a fraud.  While the Director included a detailed recitation of the facts, which do warrant serious concern, the notice did not discuss the specific elements of fraud or willful misrepresentation of material fact.

Because the factfinding within a withdrawal notice may lead to adverse decisions in future proceedings, the finding should contain sufficient specificity to demonstrate a rational connection between the evidence and the elements of fraud or willful misrepresentation of a material fact.

*Cf.* 8 C.F.R. § 103.3(a)(1)(i) (2025) ("[T]he officer shall explain in writing the specific reasons for denial."). *See generally* 2 Charles H. Koch, Jr. & Richard Murphy, <u>Administrative Law and Practice</u> § 5:64(1) (3d ed. 2025) ("The findings of fact must evidence a 'rational connection' between the evidence and the agency's conclusions." (quoting *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156–57 (9th Cir. 2006))).

To make such a finding here, the Director would need to explain the reasons for the finding so that we may identify which of the two alternatives apply and then confirm that the elements have been satisfied.[8] The terms "fraud" and "misrepresentation" are not synonyms and should always be employed with specificity. If the Director intended to reach the question of fraud, the decision should have included a discussion of the additional elements, including the Petitioner's intent to deceive. The lack of clarity deprives the AAO an opportunity to meaningfully review the finding on appeal. *See, e.g.*, *Matter of Air India "Flight No. 101*," 21 I&N Dec. 890, 892 (BIA 1997) (remanding a fine proceeding when the officer did not state specific reasons for the determination).

We will withdraw the Director's finding of fraud and remand the matter for further proceedings. On remand, there is no need for the Director to reach the higher, more demanding standard for fraud unless the record supports the finding. In these proceedings, it is sufficient to find a willful misrepresentation of material fact for immigration consequences to attach. *See, e.g.*, INA § 214(g)(3), 8 U.S.C. § 1184(g)(3) (discussing restoration of H-1B cap numbers after revocation when status acquired by "fraud or willfully misrepresenting a material fact"); *see also Matter of Mensah*, 28 I&N Dec. at 288 (concluding an Immigration Judge may rely on a USCIS finding of willful misrepresentation of a material fact).

## III.  CONCLUSION

For the foregoing reasons, we determine that a remand is necessary. We conclude the Director may make a finding of fraud or willful misrepresentation after receiving a withdrawal from the petitioner.

---

[8]  Recognizing that USCIS may become aware of collusion at any stage of the visa petition process—from cap registration to long after the approval or withdrawal of related cases—the finding may be based on significant similarities found in different proceedings, provided the Director follows notice procedures to preserve the fairness of the proceedings. *See Matter of R-K-K-*, 26 I&N Dec. 658 (BIA 2015); *see also Manney*, 735 F. Supp. 3d at 594 (discussing the revocation of multiple H-1B petitions filed by "related entities" after USCIS issued notices pursuant to 8 C.F.R. § 214.2(h)(11)(iii)(A)(*2*)).

Accordingly, on remand, the Director may reissue an acknowledgment of withdrawal with findings of fact, in line with our analysis above, regarding the Petitioner's fraud or willful misrepresentation of material fact. As jurisdiction passes to the Director on remand, the Director may also consider any additional matters deemed appropriate under the INA and regulations. *See Matter of Patel*, 16 I&N Dec. 600, 601 (BIA 1978). However, the petition itself shall remain withdrawn. 8 C.F.R. § 103.2(b)(15).

**ORDER:** The Director's finding of fraud is withdrawn. The matter is remanded for further proceedings and for the entry of a new acknowledgment of withdrawal and a new articulation of the finding of fraud or willful misrepresentation consistent with the foregoing opinion.