MATTER OF O——

In VISA PETITION Proceedings

VP 07-I-22198

*Decided by Board March 23, 1959*

**Visa petition—Determining admissibility not within the scope of visa petition procedure.**

Visa petition procedure is not the forum for determining substantive questions of admissibility under the immigration laws. When eligibility for the claimed status is established, the petition should be granted.

BEFORE THE BOARD

**Discussion:** The case comes forward on certification by the Assistant Commissioner, Examinations Division, under the authority contained in section 3.1(c), Title 8, Code of Federal Regulations.

The petitioner, a native-born citizen of the United States, seeks nonquota status on behalf of the beneficiary, her husband, a native and citizen of Italy. The parties were married on September 25, 1929, at Fulton, New York. The petition is supported by the birth certificate of the petitioner and by a marriage certificate. The beneficiary appears, upon the basis of the documents submitted, *prima facie* eligible for nonquota status under section 101(a)(27)(A) of the Immigration and Nationality Act as the alien husband of a citizen of the United States.

The beneficiary is the subject of immigration file A-3458045 (E-076779). He claims to have entered the United States from Italy in April 1924, as a stowaway, and was found deportable under the Immigration and Nationality Act on the ground that he entered without inspection and that he entered as a stowaway. On July 19, 1954, this Board dismissed his appeal and denied an application for suspension of deportation. At that time the alien alleged that his deportation would result in exceptional and extremely unusual hardship to himself, his citizen wife, and adult daughter. The special inquiry officer denied the application for suspension of deportation, finding that his deportation would not result in exceptional and extremely unusual hardship within the meaning of section 244(a)(1) of the Immigration and Nationality Act; and further, that respondent has not established that he has been a person of good moral character

295

since 1946. Although the alien had actually been convicted of only four traffic violations in the United States, examination of the record revealed instances of misrepresentations and false claims in connection with an attempt to obtain a certificate of legal residence in 1938 by falsely claiming the name of one F——A——. Attempts to establish residence in the United States prior to July 1, 1924, by affidavits of witnesses claiming to have first met him in April or May 1924, turned out, upon examination, to be false or the affiants had no knowledge of the alien. It was also established that the alien had been convicted *in absentia* in Italy in May 1928 of two offenses of murder and as an accomplice in two murders and he admitted that an arrest in Italy when he was 18 years old which he had described as "for fighting" was actually an arrest on suspicion of murder. It was noted that the alien's conviction *in absentia* in Italy would not support a charge of deportability for conviction of a crime prior to entry because of the nature of the conviction. He has been arrested on several other occasions but was acquitted of a charge of murder and a charge of conspiracy to defraud the United States.

Based upon the alien's past history as revealed in his immigration files, the Service concludes that the beneficiary would be ineligible to receive a visa and would be excluded from the United States under section 212(a)(27) of the Immigration and Nationality Act which encompasses aliens who the consular officer *or the Attorney General* knows or has reason to believe seek to enter the United States solely, principally, or incidentally to engage in activities prejudicial to the public interest, or endanger the welfare, safety or security of the United States. Relying on the words "or the Attorney General" in section 212(a)(27), the Service concludes that the beneficiary is ineligible to receive a visa and is inadmissible to the United States under that section and accordingly denies the visa petition. At oral argument the same contentions were advanced, and the argument was also made that circuity of action should be avoided wherever possible; that it would be anomalous to require approval of the visa petition when a subsequent determination upon the alien's application for admission to the United States will result in a finding of inadmissibility upon the grounds already set forth.

It is believed that the finding of inadmissibility as a basis upon which to deny approval of a visa petition is not sanctioned under the procedure set forth in granting visa petitions. The visa petition procedure for granting nonquota immigrant status under section 101(a)(27)(A) or quota immigrant status under sections 203(a)(2), 203(a)(3) or 203(a)(4) is set forth in section 205 of the Immigration and Nationality Act. Subsection (c) of section 205 provides that after an investigation of the facts in each case the Attorney

General shall, if he determines that the facts stated in the petition are true and that the alien with respect to whom the petition is made is eligible for a nonquota status or for preference quota immigrant status, shall approve the petition and forward one copy thereof to the Department of State and the Secretary of State shall then authorize the consular officer to grant the approved status.

It is obvious from a reading of section 205 that no provision is made therein for determining admissibility under the immigration laws. The sole concern of this procedure is eligibility for the status claimed. In relationship cases, the only evidence submitted is documentary or in affidavit form. It is true, of course, that the consular officer must be satisfied as to the admissibility of the alien to the United States under other provisions of the immigration laws and that the alien when seeking admission may also again be examined as to admissibility by the Attorney General or other officer to whom he has delegated authority. However, this authority is contained in sections 104 and 221(g) of the Immigration and Nationality Act as to consular officers and in sections 235 and 236 as to immigration officers. The fact that section 206 grants the Attorney General authority to revoke approval of any petition at any time for good and sufficient cause is not pertinent because the revocation of an approved petition is not here involved, and we need not concern ourselves as to the scope of good and sufficient cause.

The procedure set forth in section 205 is generally a reenactment of the provisions contained in the prior law as set forth in section 9 of the Immigrant Act of 1924. It has previously been held that neither section 9 of the Immigration Act of 1924 nor regulations promulgated thereunder require a general inquiry into an alien's admissibility under all the immigration laws; and that if there is no challenge to the truthfulness of the claim of relationship or to the claim of citizenship or permanent residence, there is no basis for denial (*Matter of O——*, 3 I. & N. Dec. 376). The visa petition procedure is concerned merely with the question of status. It does not concern itself with substantive questions of inadmissibility which may be explored by the consular officer before issuing the visa or by the Service in connection with the inspection and exclusion procedure set forth in sections 235 and 236. The Service position would deprive the consular officer of the opportunity to determine whether a visa should be issued, and would also circumvent the statutory hearing available to an applicant for admission into the United States.

The evidence supporting the visa petition establishes the citizenship of the petitioner and the claimed relationship of husband and wife between the petitioner and the beneficiary. The visa petition will accordingly be approved for nonquota status. This approval

constitutes no assurance of admission into the United States inasmuch as the question of admissibility under the general immigration laws is still to be determined by the consular officer and by the Service.

**Order:** It is ordered that the appeal be sustained and the visa petition be approved for nonquota status under section 101(a)(27) (A) of the Immigration and Nationality Act.