MATTER OF WING'S TEA HOUSE

In Visa Petition Proceedings

A-16008685

*Decided by Acting Regional Commissioner March 22, 1977*

(1) To be eligible for preference classification under section 203(a)(6) of the Immigration and Nationality Act, the beneficiary must possess all of the qualifications specified by the petitioner on the Job Offer for Alien Employment as of the filing date of the petition which is the date the request for labor certification was accepted for processing by any office within the employment service system of the Department of Labor. See 8 C.F.R. 204.1(c)(2).

(2) Experience acquired subsequent to the filing date of the petition may not be considered in support of the petition because to do so would accord the beneficiary a priority date for the issuance of a visa as of a date when he was not qualified for the preference sought.

(3) *Matter of Katigbak,* 14 I. & N. Dec. 45 (R.C. 1971), followed.

ON BEHALF OF PETITIONER:  Alfred J. Del Rey, Jr.
515 Madison Avenue
New York, New York 10022

This matter is before me on appeal from the decision of the District Director who on September 7, 1976, denied the petition to classify the beneficiary as a foreign foods specialty cook under section 203(a)(6) of the Immigration and Nationality Act, as amended. The District Director determined the beneficiary lacked the requisite job experience at the time of issuance of the labor certification.

The petitioner's business is that of a Chinese restaurant located in Lexington, Kentucky. The beneficiary is a single native and citizen of China, age 34, and is currently residing in Hong Kong. He entered the United States as a crewman in August 1973 and was later found to be in violation of that status for having remained longer than authorized. In deportation proceedings he was permitted to depart voluntarily from the United States and did so in April 1975.

Forms MA-7-50A, Statement of Qualifications of Alien, and MA-7-50B, Job Offer for Alien Employment, were signed by the beneficiary and the petitioner, respectively in July 1974 and were filed with the Employment Service office in Lexington, Kentucky, on August 12, 1974.

158

The job offer listed required experience as at least one year. The statement of qualifications listed the beneficiary's experience as Chinese specialty cook from April 1974 to July 1974, the signature date on the statement. The labor certification was issued October 4, 1974, and the instant petition was received by the Service on December 11, 1975.

With the petition, the petitioner submitted a copy of a letter dated November 19, 1975, to the Department of Labor requesting recertification of the alien employment certification issued October 4, 1974, stating that at the time of the original submission of the application, the beneficiary did not possess the required experience. In a reply dated December 2, 1975, the Department of Labor advised that recertification was unnecessary, and that if the alien now meets the minimum experience requirements of the employer, the certification is as valid as it was when originally certified. This reply also instructed the petitioner to file a new petition with the Service along with the previously issued certification. The petitioner followed these instructions, filing the petition, denial of which is now before us on appeal.

Through his attorney, the petitioner requested oral argument in connection with his appeal and such argument was scheduled for February 7, 1977. However, a letter under date of January 11, 1977, furnished by counsel which expands on the arguments furnished with the initial appeal, and the petitioner's failure to appear for oral argument on February 7, indicate that oral argument is not now desired. In his brief on appeal and his January 11 letter, the petitioner contends that the District Director's decision is unjust, and argues that there is a conflict of interpretation of the law by the two Government agencies (the Department of Labor and the Immigration and Naturalization Service). The petitioner acknowledges that at the time of issuance of the labor certification October 4, 1974, the beneficiary did not have the requisite job experience but submits that the application for alien employment certification was filed in anticipation of his acquiring the required experience during the proceedings. The petitioner further contends that since the labor certification is considered valid by the Department of Labor, the issuing authority, it should be considered valid by the Service, and as the beneficiary now has the required experience, the instant petition should be approved.

The petitioner's view that denial of the petition stems from a conflict of interpretation of the law between this Service and the Department of Labor is understandable. However, Title 8, Code of Federal Regulations, section 204.1(c)(2) states: "In the case of a sixth preference petition (except for an occupation listed in Schedule A), the filing date of the petition within the meaning of section 203(c) of the Act shall be the date the request for certification was accepted for processing by any office within the employment service system of the Department of Labor."

The Service, therefore, has no choice but to hold to the date the certification request was received in the local office of the Kentucky Employment Service System (August 12, 1974), as the filing date of the sixth-preference visa petition. Clearly then, the alien beneficiary did not possess the requisite one year experience at the time the petition was "filed," and did not gain a year as a Chinese food specialty cook until April 1975.

*Matter of Katigbak,* 14 I. & N. Dec. 45, states education or experience gained subsequent to the filing date of a third-preference visa petition may not be considered in support thereof, since to do so would result in according the beneficiary a priority date for visa issuance at a time when not qualified for the preference sought. We find no reason to change this line of reasoning simply because the preference sought is sixth rather than third. In either case, the beneficiary would receive a preferred priority date at a point in time when he is not qualified to perform the duties sought by the petition.

The Department of Labor's opinion of the alien's qualifications is only advisory in nature. Issuance of a labor certification is not simply a determination that the alien has been found to possess the requirements outlined in Form MA-7-50B, Job Offer for Alien Employment, nor does its issuance mandate approval of a visa petition for preference status under section 203(a)(6) of the Act. The purpose of a labor certification is to show compliance with section 212(a)(14). The certification issued by the Department of Labor in immigrant visa proceedings reads as follows:

Certification. Pursuant to the provisions of section 212(a)(14) of the Immigration and Nationality Act as amended, I hereby certify that there are not sufficient workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the United States similarly employed.

It is for the Immigration and Naturalization Service to determine if the alien is qualified under the certification requirements. Section 203(a)(6) of the Act states: "Visas shall next be made available – – – to *qualified* immigrants . . . ." Section 204(b) of the Act states in pertinent part: "After an investigation of the facts in each case, and after consultation with the Secretary of Labor . . . the Attorney General shall, if he determines that the facts stated in the petition are true . . . approve the petition." The beneficiary in this matter was obviously not qualified for the status sought in the petition at the time the petition was filed. The filing date of the petition is fixed by regulation (8 C.F.R. 204.1(c)(2) supra) as the date of initial receipt in the Labor Department's employment service system and this date cannot be changed by the Service to satisfy circumstances in an individual case. Therefore, notwithstanding that the Form I-140 visa petition was received within the Service system on December 11, 1975, the visa petition filing date must remain August

12, 1974. In the event a new labor certification request is submitted and certified by the Department of Labor and the petitioner submits a new petition, a later filing date will be established. This appeal will be dismissed.

**IT IS ORDERED** that the appeal be and the same is hereby dismissed.