MATTER OF ANSELMO

In Visa Petition Proceedings

A-34394164

*Decided by Board March 18, 1977*

(1) The beneficiary of the instant second-preference visa petition filed under section 203(a)(2) of the Immigration and Nationality Act had previously been admitted to the United States as a lawful permanent resident as the beneficiary of an immediate relative visa petition filed by a U.S. citizen spouse. Subsequently, she indicated in a sworn statement to the Service that the marriage on which the prior immediate relative visa petition had been based and granted was a fiction, had never taken place, and that she had never met nor married the man listed in the petition as her spouse.

(2) The District Director denied the instant second-preference petition under section 204(c) of the Act on the ground that the previous petition had been granted on the basis of a marriage entered into to evade the immigration laws, and it did not appear that he had considered the bona fides of the second marriage.

(3) Since no marriage took place in connection with the filing of the previous immediate relative petition, section 204(c) was inapplicable, and the record will be remanded to the District Director for consideration of the bona fides of the second marriage and entry of a new decision.

(4) *Matter of Concepcion*, Interim Decision 2529 (BIA 1976), followed.

ON BEHALF OF PETITIONER: William J. Lawler, Esquire
Suite 320
615 Montgomery Street
San Francisco, California 94111

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members. Board Member Torrington dissenting.

The lawful permanent resident petitioner applied for preference status for the beneficiary as his spouse under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated March 29, 1976, the District Director denied the petition and the petitioner has appealed from that denial. The record will be remanded to the District Director for further proceedings.

Both the petitioner and the beneficiary are natives and citizens of the Philippine Islands. The beneficiary had previously been accorded immediate relative status as the spouse of a United States citizen and had entered the United States as a lawful permanent resident on July 14,

1973. In a sworn statement to the Service, dated October 31, 1974, the beneficiary admitted that the marriage upon which the first visa petition had been based was a fiction and that she had neither met nor married the man listed as her spouse. On February 22, 1975, the beneficiary married the present petitioner who subsequently filed another visa petition in her behalf. The District Director concluded that the beneficiary had previously been accorded immediate relative status as the spouse of a United States citizen by reason of a marriage entered into in order to circumvent the immigration laws. Relying on section 204(c) of the Act, the District Director denied the petition.

Section 204(c) states, in pertinent part, that—

> . . . no petition shall be approved if the alien has previously been accorded a nonquota or preference status as the spouse of a citizen of the United States . . . , by reason of a *marriage* determined by the Attorney General to have been *entered into* for the purpose of evading the immigration laws. (Emphasis supplied.)

The beneficiary has previously been accorded immediate relative status as the spouse of a United States citizen. However, she was accorded that status, according to her sworn statement, on the basis of falsified documents, not on the basis of a marriage *entered into* for the purpose of evading the immigration laws. Although the beneficiary benefited from the Service determination that a valid marriage existed, a marriage did not in fact exist. In the absence of an actual marriage, section 204(c) does not apply. *Matter of Concepcion*, Interim Decision 2529 (BIA September 8, 1976).

We note from the record that, at present, the beneficiary apparently possesses the very status that ultimately would be accorded her should the visa petition be approved. Although she has admitted that her present lawful permanent resident status was fraudulently obtained, the record is silent as to whether the Service has as yet instituted deportation or rescission proceedings. Should the Service take such action, the beneficiary would then be eligible, as an "alien" within the meaning of section 245 of the Act, to seek to adjust her status to that of a permanent resident alien. See *Matter of Calilao*, Interim Decision 2555 (BIA February 7, 1977). Under 8 C.F.R. 245.1(d), an applicant for preference status is not eligible for adjustment of status unless he or she is the beneficiary of a valid unexpired visa petition filed in accordance with 8 C.F.R. 204 and approved to accord such status. Accordingly, while the need for this visa petition has not been conclusively demonstrated, in view of the beneficiary's apparent deportable status, and the possibility that approval may be needed as a prerequisite for adjustment, we would normally entertain the petition on its merits.

However, the District Director based his decision on section 204(c), and it does not appear that he considered whether the beneficiary's present marriage is bona fide. Therefore, on remand, the District Direc-

153

tor may determine whether the marriage between the petitioner and the beneficiary is bona fide. See *Matter of Phillis*, Interim Decision 2407 (BIA 1975).

**ORDER:** The record is remanded to the District Director for further proceedings consistent with the above opinion, and for entry of a new decision.

**Warren R. Torrington, Member, Dissenting:**

I respectfully dissent.

At the time when *Matter of Concepcion*, Interim Decision 2529 (BIA September 8, 1976), was before us, I was unable to express my disagreement with the Board's holding, in a dissenting opinion. I now avail myself of the opportunity to do so.

In my view, the language of section 204(c) of the Immigration and Nationality Act is broad enough to encompass the situations encountered in *Concepcion* and in the case now before us. A person who has not even bothered to go to the trouble of entering into a sham marriage (that is, a marriage entered into for the purposes of evading the immigration laws), but has merely pretended to be married, and has presented false documents as evidence of a marriage, should not, on what appears to me to be specious reasoning, be considered outside the provisions of section 204(c) of the Act. In my view, he is less entitled to approval of a second visa petition than the person who has previously gone through the formalities of a (sham) marriage; and a holding which treats him better than it does a person who has gone through the motions of a sham marriage does not make good sense. *Concepcion* permits aliens to avoid the clear provisions of section 204(c) of the Act by not even going to the trouble of entering into actual sham marriages. I cannot consider that a commendable outcome.

This is strictly a visa petition matter. The matter of possible future adjustment of the beneficiary's status is not before us. I therefore fail to see the relevance of the references, in the majority opinion, to a possible future application for adjustment of the beneficiary's status, and to the fact that the record does not reveal whether rescission or deportation proceedings are pending.

As I read the Second Circuit's decision in *Tibke v. INS*, 335 F.2d 42 (2 Cir. 1964), which the majority opinion does not mention, but which was relied on in the here cited decision in *Matter of Calilao*, Interim Decision 2555 (BIA February 7, 1977), *Tibke* does not make rescission or deportation proceedings a prerequisite for approval of visa petitions filed for potentially deportable permanent resident aliens. All we have now before us is such a visa petition.

I would overrule *Matter of Concepcion*, supra, and would dismiss the appeal.