# Matter of Orlando Gracia RICHARDSON, Respondent

File A041 456 941 - Newark, New Jersey

*Decided April 22, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The term "conspiracy" in section 101(a)(43)(U) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(U) (2006), is not limited to conspiracies that require the commission of an overt act in furtherance of the conspiracy by one of the conspirators.

(2) An alien who was only convicted of conspiracy to commit an aggravated felony and is removable on the basis of that conviction under section 101(a)(43)(U) of the Act may not also be found removable for the underlying substantive offense, even though the record of conviction shows that the conspirators actually committed the substantive offense.

FOR RESPONDENT: Douglas Grannan, Esquire, Philadelphia, Pennsylvania

BEFORE: Board Panel: PAULEY, ADKINS-BLANCH, and GUENDELSBERGER, Board Members.

PAULEY, Board Member:

In a decision dated August 27, 2009, an Immigration Judge found the respondent removable on his own admissions under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony under sections 101(a)(43)(G) and (U) of the Act, 8 U.S.C. §§ 1101(a)(43)(G) and (U) (2006). The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Jamaica who was admitted to the United States as a lawful permanent resident on October 1, 1988. The record reflects that he was convicted on February 10, 2004, in the Superior Court, Middlesex County, New Jersey, of conspiracy to commit robbery in violation of sections 2C:5-2, 15-1, and 12-1b4 of the New Jersey Statutes Annotated. The respondent was sentenced to a term of imprisonment of 7 years for his conviction.

In proceedings before the Immigration Judge, the respondent admitted the allegations in the Notice to Appear, but he denied removability and filed a motion to terminate the proceedings. The respondent sought no relief from removal. The Immigration Judge found the respondent removable as charged and denied his motion to terminate.

On appeal, the respondent argues that the Immigration Judge erred in failing to grant his motion to terminate. Specifically, the respondent asserts that because he was not convicted of the underlying crime of robbery and the New Jersey conspiracy statute does not require the commission of an overt act, the Immigration Judge erred in finding that he had been convicted of an aggravated felony, namely, a theft offense under section 101(a)(43)(G) of the Act and conspiracy under section 101(a)(43)(U).[1]

## II. ANALYSIS

The record before us includes a decision of the Superior Court of New Jersey, Appellate Division, dated January 19, 2006, dismissing the respondent's appeal from his 2004 New Jersey conviction for conspiracy to commit robbery. The decision specifically found that evidence in the record of conviction "establish[ed] the existence of an agreement between [the respondent and his co-defendants] to commit first degree armed robbery, and the fulfilment of that agreement." While the evidence clearly showed that the conspirators did more than merely agree to commit a robbery and, in fact, carried out the agreed-upon robbery, the respondent was only charged with, and actually convicted of, the conspiracy. Accordingly, we find that the Immigration Judge erred in sustaining the charge that the respondent was convicted of a theft offense under section 101(a)(43)(G) of the Act, because such an underlying substantive offense is not necessarily included in a conspiracy. *See Pierre v. Holder*, 588 F.3d 767 (2d Cir. 2009) (holding that conspiracy is not an included offense of a substantive aggravated felony and must therefore be separately alleged).

The remaining issue before us is whether the Immigration Judge properly sustained the charge under section 101(a)(43)(U) of the Act, even though the conspiracy indictment failed to allege any overt act. We observe that no overt act need be established to convict a defendant of conspiracy to commit a crime

---

[1] As the Immigration Judge noted, the respondent somewhat confusingly couches his argument in terms of the New Jersey conspiracy statute being "divisible." However, his real contention appears to be that his conspiracy conviction does not constitute a "conspiracy" within the meaning of section 101(a)(43)(U) of the Act because the indictment did not allege, and the respondent was not convicted of, the commission of any overt act in furtherance of the conspiracy.

of the first or second degree, such as robbery, under section 2C:5-2(d) of the New Jersey Statutes Annotated.  The same is true regarding conspiracies involving crimes under certain Federal statutes.  *See Whitfield v. United States*, 543 U.S. 209 (2005) (money laundering); *United States v. Shabani*, 513 U.S. 10 (1994) (controlled substances).  The question here, which appears to be one of first impression, is whether the reference in section 101(a)(43)(U) to a "conspiracy to commit an offense described in this paragraph" is limited to conspiracies that require a member of the conspiracy to perform an overt act in furtherance of the conspiracy.

We recognized this issue in *Matter of S-I-K*, 24 I&N Dec. 324, 327-28 n.3 (BIA 2007), but declined to decide it because the alien in that case had been convicted under the general Federal conspiracy statute, 18 U.S.C. § 371 (2000), which contains an overt act requirement.  For the following reasons, we now conclude that the term "conspiracy" in section 101(a)(43)(U) of the Act is not limited to conspiracies that require the commission of an overt act in furtherance of the conspiracy by one of the conspirators.

We find the reasoning of the Supreme Court in *Whitfield v. United States*, 543 U.S. 209, and *United v. Shabani*, 513 U.S. 10, to be persuasive.  The Supreme Court observed in  those decisions that at the time Congress enacted the conspiracy provisions at issue, it was presumably aware that the much older general Federal conspiracy statute, 18 U.S.C. § 371, explicitly stated that a conspirator must "do any act to effect the object of the conspiracy."  The Court found that by having chosen a formulation that dispensed with an overt act requirement, Congress clearly signaled an intent not to mandate it for the particular offenses covered by those statutes.  *United v. Shabani*, 513 U.S. at 14; *see also United States v. Sassi*, 966 F.2d 283, 284 (9th Cir. 1992).  The same is true here.

Moreover, since the term "conspiracy" is not defined in the Act, it is presumed that Congress intended to adopt the common law meaning of that term.  *United States v. Shabani*, 513 U.S. at 13 (citing *Molzof v. United States*, 502 U.S. 301, 307-08 (1992)).  That common law meaning, furthermore, did not require the commission of an overt act.  *Id.*; *see also United States v. White*, 571 F.3d 365, 368 (4th Cir. 2009) (finding that the commission of an overt act is not an essential element of a North Carolina criminal conspiracy and stating that "'[a]s soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is completed'" (quoting *State v. Gibbs*, 436 S.E.2d 321, 347 (N.C. 1993)); *Moore v. State*, 27 P.3d 447 (Nev. 2001) (finding that, unlike California, Nevada does not require an overt act and that the crime of conspiracy is therefore completed when the unlawful agreement is reached); *State v. Padilla*, 879 P.2d 1208, 1212 (N.M. Ct. App. 1994) (finding that in New Mexico, an agreement is the gist of the crime of conspiracy and stating that "'an overt act is not

required [and] the crime is complete when the felonious agreement is reached'" (quoting *State v. Leyba*, 600 P.2d 312, 313 (N.M. Ct. App. 1979)). In that regard, the Supreme Court has repeatedly held that "the essence of a conspiracy is 'an agreement to commit an unlawful act.'" *E.g.*, *United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003) (quoting *Iannelli v. United States*, 420 U.S. 770, 777 (1975), and citing *United States v. Shabani*, 513 U.S. at 16). It is that agreement, which has been entered into by at least two and often more individuals, that renders a conspiracy a "'distinct evil'" that may be punished regardless of whether the substantive crime is committed. *Id.* (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)). A conspiracy "poses a 'threat to the public' over and above the threat of the commission of the relevant substantive crime" that is its object, both because "the '[c]ombination in crime makes more likely the commission of [other] crimes,' and because it 'decreases the probability that the individuals involved will depart from their path of criminality.'" *Id.* at 275 (quoting *Callanan v. United States*, 364 U.S. 587, 593-94 (1961)).

Further, we note that the Model Penal Code § 5.03(5) (2008) contains no overt act requirement for a felony of the first or second degree. States like New Jersey have emulated the Federal law in not requiring an overt act in their conspiracy laws, especially with respect to conspiracies to commit certain more serious offenses. Moreover, although Federal drug and money laundering offenses are aggravated felonies under section 101(a)(43) of the Act, conspiracies involving those substantive crimes would not be included as aggravated felonies if proof of an overt act were required. *See, e.g.*, *United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003) ("The government is not required to prove an overt act for either a drug conspiracy under 21 U.S.C. § 846 or a RICO conspiracy under 18 U.S.C. § 1962(d)."); *United States v. Bolden*, 325 F.3d 471, 491 (4th Cir. 2003) (finding that a conviction for a money laundering conspiracy pursuant to 18 U.S.C. § 1956(h) does not require an overt act to be either alleged or proven); *United States v. Brock*, 782 F.2d 1442, 1444 (7th Cir. 1986) (finding it unnecessary to allege an overt act in furtherance of a conspiracy to import and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 963); *United States v. Coia*, 719 F.2d 1120, 1123-24 (11th Cir. 1983) (finding that no overt act is necessary for a RICO conspiracy under 18 U.S.C. § 1962(d)).

Thus, were we to hold that the term "conspiracy" refers only to laws that require proof of an overt act, convictions under conspiracy statutes such as New Jersey's and under Federal laws prohibiting conspiracies involving money laundering and controlled substances would be excluded from the

aggravated felony definition.[2]  We find such an interpretation of section 101(a)(43)(U) to be an unlikely reflection of congressional design.  We therefore consider it proper to follow "the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms," and the rulings of the Supreme Court, which has "consistently held that the common law understanding of conspiracy 'does not make the doing of any act other than the act of conspiring a condition of liability.'"  *United States v. Shabani*, 513 U.S. at 13-14 (quoting *Nash v. United States*, 229 U.S. 373, 378 (1913)); *see also United States v. Sassi*, 966 F.2d at 284 (finding that "[w]henever the Supreme Court has encountered a statute that, like [21 U.S.C.] § 846, makes 'conspiracy' a crime but does not refer to an act in furtherance, it has held that proof of an overt act is unnecessary" and citing *Singer v. United States*, 323 U.S. 338 (1945) (military draft law), and *Nash v. United States*, 229 U.S. 373 (antitrust law)).

## III.  CONCLUSION

Upon our de novo review of the legal issue before us, we conclude that the term "conspiracy" in section 101(a)(43)(U) of the Act is not limited to conspiracies that require the commission of an overt act in furtherance of the conspiracy by one of the conspirators.  We therefore agree with the Immigration Judge that the respondent's removability from the United States has been established based on his conspiracy conviction.  *See* section 240(c)(3)(A) of the Act, 8 U.S.C. § 1229a(c)(3)(A) (2006).  Accordingly, the appeal will be dismissed.

**ORDER:**  The appeal is dismissed.

---

[2]  Section 101(a)(43) expressly extends to "an offense described in this paragraph whether in violation of Federal or State law."