# Matter of CHRISTO'S, INC.

*Decided April 9, 2015*[1]

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Administrative Appeals Office

(1) An alien who submits false documents representing a nonexistent or fictitious marriage, but who never either entered into or attempted or conspired to enter into a marriage, may intend to evade the immigration laws but is not, by such act alone, considered to have "entered into" or "attempted or conspired to enter into" a marriage for purposes of section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c) (2012). *Matter of Concepcion*, 16 I&N Dec. 10 (BIA 1976), followed.

(2) Misrepresentations relating to a nonexistent marriage may render the beneficiary inadmissible under section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i) (2012), when the Director adjudicates the application for adjustment of status.

ON BEHALF OF PETITIONER:  Annelise Araujo, Esquire, Boston, Massachusetts

The Vermont Service Center Director ("VSC Director") determined that the beneficiary lacked the requisite employment qualifications and thus revoked a previously approved Immigrant Petition for Alien Worker (Form I-140).  In its decision to dismiss the petitioner's appeal of the revocation, the Administrative Appeals Office ("AAO") affirmed the VSC Director's determination with respect to the beneficiary's qualifications and further identified the marriage fraud bar at section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c) (2012), as an additional ground of ineligibility.[2]  The AAO subsequently reopened the matter and permitted the petitioner to submit a supplemental brief and additional evidence pursuant to 8 C.F.R. § 103.5(a)(5)(ii) (2014).  Upon review, the AAO will sustain the appeal and reinstate approval of the petition.

---

[1]  This decision was originally entered on August 12, 2013.  The matter has been reopened on the Administrative Appeals Office's own motion for the limited purpose of making revisions for designation of this decision as precedent.

[2]  The AAO conducts appellate review on a de novo basis.  *See, e.g., Dor v. Dist. Dir., INS*, 891 F.2d 997, 1002 n.9 (2d Cir. 1989).

## I.  PROCEDURAL AND FACTUAL BACKGROUND

The petitioner is a restaurant that seeks to employ the beneficiary permanently in the United States as a cook.  The petitioner filed this petition seeking classification of the beneficiary under section 203(b)(3) of the Act, 8 U.S.C. § 1153(b)(3) (2012).  As required by section 212(a)(5)(A) of the Act, 8 U.S.C. § 1182(a)(5)(A) (2012), the petitioner submitted an individual labor certification, the Application for Alien Employment Certification (Form ETA-750), which was approved by the Department of Labor ("DOL").  In revoking approval of the Form I-140 petition, the VSC Director determined that the petitioner failed to demonstrate that the beneficiary possessed the minimum experience required by the labor certification.  Upon reviewing the revocation of the previously approved Form I-140 petition, the AAO affirmed the VSC Director's decision regarding the beneficiary's qualifications and dismissed the appeal.

Exercising its de novo review of the record of proceedings, the AAO also concluded that section 204(c) of the Act required denial of the Form I-140 petition.  The record indicated that the beneficiary of the Form I-140 petition was also the named beneficiary of a separate marriage-based Petition for Alien Relative (Form I-130) that was filed with the District Director, Boston, Massachusetts ("Boston Director").  An Application to Register Permanent Residence or Adjust Status (Form I-485) was concurrently filed with the Form I-130 petition.  During his interview in the Boston District Office, the beneficiary indicated that the marriage certificate filed with the Form I-130 petition was fictitious and that he had never met or married the petitioner.  The Boston Director denied the Form I-130 petition as abandoned and denied the adjustment application because the beneficiary was inadmissible under section 212(a)(6)(C)(i) of the Act for misrepresentations relating to the marriage-based Form I-130 petition.[3]

In a Notice of Intent to Revoke the Form I-140 petition's approval, the VSC Director asserted, inter alia, that the petition could not be approved because, pursuant to section 204(c) of the Act, the beneficiary had previously engaged in marriage fraud in relation to the Form I-130 petition and adjustment application adjudicated by the Boston Director.  The VSC Director did not, however, include a determination regarding section 204(c) in the ultimate revocation decision.

---

[3]  The Boston Director treated the Form I-130 petition as abandoned because the beneficiary disavowed the existence of a marriage and the putative petitioner spouse failed to appear for the interview.

Upon appellate review of the decision to revoke approval of the Form I-140 petition, the AAO independently determined that the approval must be revoked because substantial and probative evidence supported a reasonable inference that the beneficiary conspired to enter into a prior marriage for the purpose of evading the immigration laws. *See Matter of Tawfik*, 20 I&N Dec. 166 (BIA 1990). The AAO therefore concluded that revocation of the Form I-140 petition's approval was required, not only by the petitioner's failure to demonstrate that the beneficiary qualified for the proffered position, but also by section 204(c) of the Act.

## II. ANALYSIS

### A. Qualifications of the Beneficiary

Section 203(b)(3)(A)(i) of the Act provides for visa preference classification of immigrants who are qualified to perform "skilled labor (requiring at least 2 years [of] training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States." To be eligible for approval, a beneficiary must possess all the education, training, and experience specified on the labor certification as of the petition's priority date. *See Matter of Wing's Tea House*, 16 I&N Dec. 158, 160 (Acting Reg. Comm'r 1977). The priority date of the petition is the date that the DOL accepts the request for labor certification for processing. 8 C.F.R. § 204.5(d) (2014).

In the prior decision dismissing the petitioner's appeal, the AAO identified inconsistencies that precluded the petitioner from establishing the beneficiary's qualifications. With supplemental evidence submitted after the AAO reopened its prior decision, the petitioner has adequately "resolve[d] the inconsistencies by independent objective evidence." *Matter of Ho*, 19 I&N Dec. 582, 591 (BIA 1988). The petitioner has established through relevant, probative, and credible evidence that it is more likely than not that, as of the priority date, the beneficiary possessed the education, training, and experience specified on the Form ETA-750. *See Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010).

### B. Application of the Marriage Fraud Bar

For the reasons set out below, the AAO also concludes that the beneficiary is not subject to the marriage fraud bar in section 204(c) of the Act, which provides as follows:

> Notwithstanding the provisions of subsection (b) no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an

immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has *attempted or conspired to enter into a marriage* for the purpose of evading the immigration laws.

(Emphasis added.) Congress revised the section 204(c) bar to include cases where an alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws when it enacted the Immigration Marriage Fraud Amendments of 1986 ("IMFA"), Pub. L. No. 99-639, § 4, 100 Stat. 3537, 3543.

Construing section 204(c) of the Act prior to the IMFA, the Board of Immigration Appeals held that the statutory bar is inapplicable in cases where an alien does not actually enter into a marriage but only falsifies documents to represent that a marriage exists. *See Matter of Anselmo*, 16 I&N Dec. 152, 153 (BIA 1977) ("In the absence of an actual marriage, section 204(c) does not apply."); *Matter of Concepcion*, 16 I&N Dec. 10, 11 (BIA 1976) (concluding that section 204(c) did not apply to an alien who never married but falsified marriage documents, because "it cannot be determined that she obtained immediate relative status on the basis of a marriage *entered into* for the purpose of evading the immigration laws").

Of course, with the addition of section 204(c)(2), it can no longer be said that the statute requires an "actual marriage." By its express language, section 204(c)(2) states that an attempt or conspiracy to enter into a marriage will also suffice if the purpose was to evade the immigration laws. But absent an attempt or conspiracy to enter into a marriage, the IMFA amendments to section 204(c) of the Act do not negate the continued applicability of *Concepcion* and *Anselmo*.

By its plain language, section 204(c) applies only to an alien who "entered into," or "attempted or conspired" to enter into, a marriage. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("It is well established that, when the statutory language is plain, we must enforce it according to its terms."). An alien who submits false documents representing a nonexistent or fictitious marriage, but who never either entered into or attempted or conspired to enter into a marriage, may intend to evade the immigration laws, but is not, by such act alone, considered to have "entered into" or "attempted or conspired to enter into" a marriage for purposes of section 204(c) of the Act.

Section 204(c) aside, however, such conduct may render the beneficiary inadmissible under section 212(a)(6)(C)(i) of the Act when the Director adjudicates the Form I-485. *See Matter of O-*, 8 I&N Dec. 295 (BIA 1959) (holding that the visa petition procedure is not the appropriate forum for

finding an alien inadmissible); *see also Matter of Bark*, 14 I&N Dec. 237, 240 (BIA 1972) (observing that under section 204(e) of the Act, approval of a visa petition does not entitle an immigrant to be admitted to the United States or adjust status), *rev'd on other grounds*, *Bark v. INS*, 511 F.2d 1200 (9th Cir. 1975).

In this case, the record contains a fictitious marriage certificate filed with the Form I-130 petition. Nonetheless, the AAO concludes that the beneficiary credibly established that the purported marriage never occurred and that he did not otherwise enter into, or conspire or attempt to enter into, a marriage for the purpose of evading the immigration laws of the United States.[4] Thus, section 204(c) is inapplicable.

## III.  CONCLUSION

The burden of proof in these proceedings rests solely with the petitioner. Section 291 of the Act, 8 U.S.C. § 1361 (2012). With respect to the beneficiary's eligibility for the Form I-140 petition, the petitioner has met that burden.

**ORDER:**  The appeal is sustained.

---

[4]  From his initial interview on the adjustment application through his subsequent assistance in USCIS's investigation of a person alleged to be engaged in the unauthorized practice of immigration law, the beneficiary credibly demonstrated that he did not willfully misrepresent a material fact or otherwise know that a preparer had done so in any benefit requests relating to him. The beneficiary persuasively established that he first realized that he was the subject of a marriage-based immigrant visa petition when he appeared for an interview with USCIS and was asked about the purported marriage. The beneficiary confirmed at the interview that he never met or married the purported petitioner and verified that the presented marriage certificate was false.