**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1930

_____

HAGOP GARABEDIAN, Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A035-427-399)
Immigration Judge:  Jack H. Weil

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 1, 2024)
_____

OPINION[*]

_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Hagop Garabedian, a citizen of Iraq, has filed a pro se petition for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings. We will deny the petition for review.

In 1976, Garabedian entered the United States at the age of four as a lawful permanent resident. He was convicted in federal court in 2019 of conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(i). The Department of Homeland Security initiated removal proceedings by charging that Garabedian had been convicted of an aggravated felony drug-trafficking offense and a violation of (or a conspiracy or attempt to violate) a law relating to a controlled substance. See 8 U.S.C. §§ 1101(a)(43)(B); 1227(a)(2)(A)(iii), 1227(a)(2)(B)(i). An Immigration Judge found Garabedian removable and denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture. In June 2021, the BIA dismissed Garabedian's appeal. Garabedian did not file a petition for review.

On May 9, 2022, Garabedian filed a pro se motion to reopen his removal proceedings.[1] He asserted that his counsel was ineffective for failing to challenge his removability under Quinteros v. Attorney General of the United States, 945 F.3d 772 (3d Cir. 2019), and In re Richardson, 25 I. & N. Dec. 226 (BIA 2010), both of which

---

[1] Garabedian also filed a second motion to reopen, which the BIA deemed a supplement to this motion.

addressed whether noncitizens who were convicted of conspiracy offenses were removable for having been convicted of an aggravated felony.

The BIA ruled that DHS did not establish that Garabedian was removable for having been convicted of an aggravated felony under this authority, and that counsel was ineffective for failing to challenge that removal charge.[2] However, the BIA decided that Garabedian was not prejudiced because, among other things, he remained removable under 8 U.S.C. § 1227(a)(2)(B)(i). The BIA denied the motion to reopen, and this petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Darby v. Att'y Gen., 1 F.4th 151, 159 (3d Cir. 2021). Because Garabedian was found removable for having committed a controlled substance offense, our review is limited to constitutional claims and questions of law. See 8 U.S.C. §§ 1252(a)(2)(C), (D); Guerrero-Lasprilla v. Barr, 589 U.S. 221, 224 (2020). We review the denial of a motion to reopen for an abuse of discretion; our review of legal conclusions is de novo. Darby, 1 F.4th at 159.

Garabedian challenges the BIA's legal determination that he is removable under § 1227(a)(2)(B)(i).[3] The statute states, with one exception not relevant here, that a

_____

[2] The BIA equitably tolled the 90-day filing deadline for filing a motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(i).

[3] To the extent Garabedian did not dispute his removability under § 1227(a)(2)(B)(i) in his motion to reopen, we have jurisdiction to entertain an unexhausted issue where an agency sua sponte considers it. Quinteros, 945 F.3d at 781.

noncitizen who "has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of . . . the United States . . . relating to a controlled substance (as defined in section 802 of Title 21), . . . is deportable." 8 U.S.C. § 1227(a)(2)(B)(i). Garabedian's conviction for conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(i), is on its face a violation of a law of the United States. Cf. United States v. Garcia-Vasquez, 70 F.4th 177, 180-81 (3d Cir. 2023) (noting a conspiracy under § 846 is an "offense" and is subject to the same penalties as the offense conspired – a violation of § 841(a)). And his conviction necessarily relates to a controlled substance as defined in 21 U.S.C. § 802. See 21 U.S.C. § 841(a) (prohibiting, among other things, distribution of, and possession with intent to distribute, a "controlled substance"); id. § 802(6) (defining "controlled substance").

Garabedian, however, contends that he is not removable under Quinteros, 945 F.3d at 783-85, which held that a federal conspiracy conviction did not categorically match a generic conspiracy under 8 U.S.C. § 1101(a)(43)(U), the aggravated felony conspiracy provision. The Government asserts that a categorical match in this regard is not required under § 1227(a)(2)(B)(i) and that the proper inquiry is whether the statute of conviction relates to a controlled substance.

The categorical approach is generally used to determine whether a conviction qualifies as an aggravated felony and is thus grounds for removal. Esquivel-Quintana v.

4

Sessions, 581 U.S. 385, 389 (2017). Courts examine whether a statute of conviction "categorically fits within the 'generic' federal definition of a corresponding aggravated felony." Id. (internal quotations and citations omitted). The issue in Quinteros was whether the petitioner was convicted of the aggravated felony under 8 U.S.C. § 1101(a)(43)(U) of "an attempt or conspiracy to commit" a crime of violence. Quinteros, 945 F.3d at 783. We compared the statute of conviction with generic conspiracy under § 1101(a)(43)(U). Id. Because the petitioner's conviction under 18 U.S.C. § 1959(a)(6) for conspiracy to commit assault with a dangerous weapon did not require an overt act, but the generic definition of conspiracy does, we held that the conviction was not a categorical match, and that the petitioner was not removable as an aggravated felon. Id. at 784-85.

Garabedian argues that his conspiracy conviction under § 846 likewise did not require an overt act. See United States v. Shabani, 513 U.S. 10, 11 (1994) (holding same). Garabedian, however, was not found removable under § 1101(a)(43)(U). As noted above, the removal statute at issue requires that he was convicted of "a violation of (or a conspiracy or attempt to violate) any law . . . relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1227(a)(2)(B)(i). While the categorical approach applies, Mellouli v. Lynch, 575 U.S. 798, 804-05 (2015), removability turns on whether a conviction for violating any law relates to a federally controlled substance. Cf. id. at 813 (stating removal under § 1227(a)(2)(B)(i) is triggered when the Government

5

connects an element of the conviction to a drug defined in § 802). The parenthetical reference to a conspiracy does not require a different meaning. See Mizrahi v. Gonzales, 492 F.3d 156, 165-66 (2d Cir. 2007) (noting same and stating "[p]recisely because [§ 846] proscribe[s] conspiracies . . . to violate *only* drug laws, we could not sensibly conclude that [it does] not fit within the broad phrase 'any law . . . relating to a controlled substance'" in 8 U.S.C. § 1182(A)(2)(A)(i)(II), the inadmissibility counterpart to § 1227(a)(2)(B)(i)). We thus conclude that § 1227(a)(2)(B)(i) is satisfied based on Garabedian's conviction under § 846.

Garabedian also requests that we remand his case so that he may apply for cancellation of removal. Garabedian, however, did not state in his motion to reopen that he sought to apply for cancellation of removal if the BIA agreed that he was not convicted of an aggravated felony. The BIA did not address his eligibility for this form of relief. We agree with the Government that a remand is not warranted because Garabedian did not exhaust his administrative remedies. See 8 U.S.C. § 1252(d)(1).

Accordingly, we will deny the petition for review.